**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**VIRGINIA METALCRAFTERS, INCORPORATED, Respondent.**

No. 11270.

United States Court of Appeals Fourth Circuit.

Argued Nov. 10, 1967.

Decided Dec. 6, 1967.

8(a)(3) violation, that the Company knew of McVey's union activity. It presented no countervailing evidence at the hearing.

The testimony indicates that McVey, an employee with an excellent record extending over eight years, was abruptly discharged only a few hours after he had engaged in a heated discussion with an ex-foreman over the benefits of unionization. The Company was aware of the union activity in the plant and had vigorously opposed it. McVey received no warning and while the reason offered was his "bad attitude," Company officials were evasive and contradictory when pressed for a more acceptable explanation.

We are convinced that the undisputed facts constitute a sufficient basis for the Board's finding. Its order will be

Enforced.

———————

Fred R. Kimmel, Atty., N.L.R.B. (Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, and Gary Green, Atty., N.L.R.B., on brief) for petitioner.

George V. Gardner, Washington, D. C. (Asa Ambrister, on brief) for respondent.

Before SOBELOFF, BOREMAN and BRYAN, Circuit Judges.

PER CURIAM:

This case is before us upon the petition of the National Labor Relations Board for enforcement of its order against Virginia Metalcrafters, Inc. The order arises out of a complaint filed by Garland McVey charging that he had been discharged because of his union activities, in violation of § 8(a)(3) and (1).

The employer insists that the evidence belies the Board's finding, essential to an